<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BOUCHARD TRANSPORTATION CO., INC., <br><br>      Petitioner, <br> –against– <br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, ENERGY INSURANCE MUTUAL LIMITED, TALBOT UNDERWRITING (US), LTD. and BRIT UW LIMITED, <br><br>      Respondents. | Civil Action No. 15–cv–3709 (SRC)(CLW) <br><br>**<u>MEMORANDUM ORDER</u>** |

   **THIS MATTER** is before the Court upon the application of Petitioner, Bouchard Transportation Company, Inc., ("Petitioner" or "Bouchard") for an Order quashing a subpoena ad testifcandum and duces tecum (the "Subpoena") issued to Vinay Dewan ("Dewan") of Seaspan Marine Consultants, Inc. (ECF No. 1).  Associated Electric & Insurance Services Limited, Energy Insurance Mutual Limited, Talbot Underwriting (US), Ltd., and Brit UW Limited (collectively "Respondents") oppose this application, and move for an Order directing compliance with the Subpoena. (ECF No. 5).  These applications are decided without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, the Court will defer on ruling on these motions and instead transfer the matter, pursuant to Fed. R. Civ. P. 45(f) to the Southern District of New York to be considered within the context of the underlying disputes currently pending before the Honorable Paul A. Crotty, U.S.D.J.

   The underlying dispute from which this action arises is a limitation of liability proceeding pursuant to Supplemental Rule F for Admiralty or Maritime Claims.  <u>See</u> Mot. to Quash, Br. in Supp. ("Support"), ECF No. 1-4, p.2.  Although the briefs are scant on the facts of that dispute,

the Court gathers that the action involves the damaging of a submarine cable, owned by The Power Authority of the State of New York which ran underneath the Long Island Sound. Id. The Power Authority alleged that on or about January 6, 2014 the Tug Ellen S. Bouchard deployed its anchor and anchor chain on top of, or dragged its anchor and anchor chain across the submarine cable causing the leakage of dielectric fluid. Id. at 1; See In the Matter of Bouchard Trans. Co. Inc., Civil Action No. 14-cv-01262-PAC, ECF No. 59, 2014 WL 5025974, slip op. at 1 (S.D.N.Y. Sept. 29, 2014). Bouchard, as owner of the Tug Ellen S. Bouchard, then commenced the underlying action pursuant to Supplemental Rule F for Admiralty or Maritime Claims initially disputing that it damaged the cable, but invoking the limitation of liability statute which would cap Bouchard's liability in the event it is found to be the responsible party to the "value of the vessel and pending freight." Id.; 46 U.S.C. § 30505. The parties are presently engaged in discovery in that action.

On March 30, 2015, counsel for Respondents issued the Subpoena to Dewan, directing Dewan to appear at the offices of Duane Morris LLP in Newark, New Jersey on April 30, 2015 at 10:00 am. See Mot. to Quash, Ex. A, ECF No. 1–1. The Subpoena requested that Dewan bring with him fourteen (14) categories of documents and records relating to the underlying incident, as well as his investigation notes and communications related thereto. Id. On April 27, 2015 Dewan, in correspondence with counsel for Respondents, indicated that he had received the subpoena on April 25th, but would not be available on April 30th, the date of compliance. Cross-Motion to Compel, Exh. 2, ECF No. 7–2. In response, counsel for Respondents asked Dewan to send a copy of his file and materials, inquired whether Dewan was represented by counsel, and wrote that he would confer with Dewan to find convenient date and time for his testimony. Id. It does not appear that a new date and time was ever scheduled.

On June 2, 2015, Petitioner filed its application to quash the Subpoena, indicating that Dewan has been designated by Bouchard as a consulting expert, and thus the facts known or opinions held by him are not discoverable unless and until he is designated by Bouchard as a testifying expert. See Support at p.5; Fed. R. Civ. P. 26(b)(4)(D). Only then, Bouchard argues, would Dewan be subject to deposition, and even then, that deposition could only occur after he were to issue an expert report. See Support at p.5; Fed. R. Civ. P. 26(a)(2)(B). In the alternative Petitioner argues that the application should be transferred to the Southern District of New York so as to avoid disrupting the management of that case. Support at p.7 (citing Treadway USA, Inc. v. Intercity Tire and Auto Center, Civil Action No. 14–6848, ECF No. 12 (D.N.J. January 5, 2015)).

In opposition to the motion to quash, Respondents move for an Order directing compliance, arguing that the motion was untimely, and further that Dewan was disclosed in Bouchard's Fed. R. Civ. P. 26(a)(1)(A)(i) disclosures as an "individual likely to have discoverable information that the disclosing party may use." Mot. to Compel, Br. in Supp. of Cross-Mot. and Opp. to Mot. to Quash ("Opposition"), ECF No. 6, pp.2–5. Respondents contend that the Petitioner's time to move to quash the subpoena was prior to the date of compliance on the subpoena, April 30th, and this application is therefore untimely. Opposition at p.2. Further, on the merits of the application, Respondents argue that Dewan is a fact witness in possession of discoverable information, and as such should be compelled to comply with the Subpoena. Id. at p.4.

The 2013 amendments to Fed. R. Civ. P. 45(f), effective December 1, 2013 authorize transfer of subpoena–related motions by the court where compliance is required to the issuing court where either, (1) the party subject to the subpoena consents, or (2) if the court finds

exceptional circumstances. Fed. R. Civ. P. 45(f). Rule 45(f) does not define "exceptional circumstances," but the Advisory Committee Note accompanying the amendment explains that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation" if the circumstances outweigh the interests of the nonparty served with the subpoena in obtaining local resolution. Fed. R. Civ. P. 45 advisory committee's note (2013 amendments).

In this case Dewan indicates that he has been retained by Bouchard "to provide expert services to monitor and analyze the removal and cleanup of dielectric fluid which leaked from a submarine cable in Hempstead Harbor in Long Island Sound and the repair of the cable." Declaration of Vinay Dewan ("Dewan's Declaration"), Mot. to Quash, ECF No. 1–6, at ¶3. Because of Dewan's active role in consulting and/or assisting Bouchard in its monitoring and analysis of the dielectric fluid in the Long Island Sound, the typical concern associated with providing a subpoenaed nonparty with local resolution is absent. Similarly, based on Dewan's Declaration that he has been retained as Bouchard's expert, it would appear that the proper procedural avenue for resolution of these cross-motions would be before Judge Crotty in the underlying action. Should Bouchard designate Dewan as a testifying expert then Judge Crotty would set the timeframes for expert discovery, whereas if Bouchard continues to assert that Dewan is employed for trial preparation only, Respondents would likely move before Judge Crotty to compel his testimony and disclosure of notes pursuant to Fed. R. Civ. P. 26(b)(4)(D)(ii). To this Court, the circumstances of these applications are more appropriately resolved within the confines of the underlying action. Moreover, this Court is loath to permit discovery outside of the agreed–upon scope and timing, and intrude upon the Southern District's management of its own case.

- 5 -

The Court concludes that transferring the motions pursuant to Rule 45(f) is appropriate here, as there are exceptional circumstances to transfer the motions related to the Dewan Subpoena. Specifically, Dewan's status as a retained expert for Bouchard as noted by his Declaration is complicated by his designation as in Bouchard's Fed. R. Civ. P. 26(a)(1)(A)(i) disclosures as an "individual likely to have discoverable information that the disclosing party may use." Further, Bouchard's assertion that Dewan is a non-testifying expert raises additional safeguards related to Respondents' potential ability to obtain facts or opinions held by him. Given these circumstances, these motions are best addressed by Judge Crotty within the context of the underlying dispute.

For the foregoing reasons; and for other good cause shown,

**IT IS** on this 4th day of August, 2015, **ORDERED** that jurisdiction of the motions, ECF Nos. 1 and 5, be transferred pursuant to Fed. R. Civ. P. 45(f) to the Southern District of New York to be considered within the context of the underlying disputes currently before Judge Crotty.

/s/ Cathy L. Waldor
_____
**HON. CATHY L. WALDOR**
**United States Magistrate Judge**