UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

BOUCHARD TRANSPORTATION CO.,
INC.,

              *Petitioner*,

    *-against-*

ASSOCIATED ELECTRIC & GAS
INSURANCE SERVICES LTD., et al.,

            *Respondents*.

------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: November 4, 2015

15 Civ. 6586 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Bouchard Transportation Company, Inc. ("Bouchard") moves to quash a subpoena for testimony and the production of documents (the "Subpoena") issued to Vinay Dewan of Seaspan Marine Consultants. Respondents Associated Electric & Insurance Services Limited, Energy Insurance Mutual Limited, Talbot Underwriting (US) Limited, and Brit UW Limited oppose the motion and cross-move for an order directing compliance with the Subpoena. The motion was initially filed in the United States District Court for the District of New Jersey, but was transferred to this Court to be considered in the context of the underlying dispute pending in this Court. The Court GRANTS the motion to quash and DENIES the motion to compel compliance.

## BACKGROUND

The underlying dispute arises from damage to a cable owned by the Power Authority of the State of New York that runs underneath Long Island Sound. *See* Dkt. No. 14 cv 1262 (PAC).

1

As alleged, on or about January 6, 2014, the tug Ellen S. Bouchard dropped its anchor and chain on top of the cable, causing damage and leakage of dielectric fluid. Petitioner, owner of the tug, commenced the underlying action on February 26, 2014 pursuant to Supplemental Rule F for Admiralty or Maritime Claims, 46 U.S.C. § 30505, to dispute that it had damaged the cable and to invoke the statutory limitation of liability to cap its liability at the "value of the vessel and pending freight."

On March 30, 2015, Respondents issued the Subpoena, which directed Dewan to appear at the offices of Duane Morris LLP in Newark, New Jersey on April 30, 2015 and produce any notes or communications related to his investigation on behalf of Petitioner. *See* Mot. to Quash, Dkt. 1, Ex. 1. The Subpoena was served on Dewan on April 25, 2015, and he notified Respondents soon after that he was unavailable to testify on April 30. *See* Cross-Mot. to Compel, Dkt. 7, Ex. 2, 4. The deposition date has not been scheduled. Petitioner filed its motion to quash in the District of New Jersey on June 2, 2015, and the New Jersey Court transferred the motion to this Court on August 4, 2015. Mem. Order, Dkt. 9.

## DISCUSSION

As an initial matter, the Court holds that the motion to quash should not be dismissed as untimely. "In order to be timely, a motion to quash a subpoena generally must be filed before the return date of the subpoena." *Brown v. Hendler*, 09 cv 4486 (RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (citing Fed. R. Civ. P. 45). Petitioner's motion was not filed until over a month after the subpoena's return date. But district courts have broad discretion over the decision to quash a subpoena, and "a number of courts in this Circuit have exercised their discretion to consider motions to quash that were not 'timely' filed within the meaning of Rule 45 and applicable case law." *Id.* The Court exercises that discretion here because the Subpoena

2

is clearly defective for at least two reasons.

First, the Subpoena is defective because it "fails to allow a reasonable time to comply", a mandatory ground to quash pursuant to Rule 45(d)(3)(A)(i). The five days between the date when Dewan received the Subpoena and when he was required to testify and produce documents is unreasonable. *See Brown*, 2011 WL 321139, at \*2 (finding that nine days was not a reasonable time to comply with a subpoena and noting that "[f]ederal courts have also found compliance times of eight and seven days not to be reasonable"). Rule 45 requires that the Subpoena be quashed.

Second, the Subpoena is defective because it prematurely and improperly seeks expert discovery. Dewan is President of Seaspan Marine Consultants, a "marine surveying company performing surveys and investigations of marine cargo damage, collisions, dock damage and oil pollution removal." Declaration of Vinay Dewan, Dkt. 1, Ex. 6 ¶ 1. Petitioner's counsel hired Dewan shortly after the alleged damage to the cable "to provide expert services to monitor and analyze the removal and cleanup of dielectric fluid . . . and the repair of the cable." *Id.* ¶ 3. Dewan went to the site of the incident on several occasions and submitted reports to Petitioner's counsel on the status of removal and repair work. *Id.* ¶ 4.

The facts of this case are directly analogous to those of *Chiquita Intern. Ltd. v. M/V Bolero Reefer*, No. 93 cv 167 (LAP), 1994 WL 177785 (S.D.N.Y. May 6, 1994). In that case, Plaintiff Chiquita hired a marine surveyor to inspect a vessel that allegedly failed to load thousands of boxes of bananas due to crane malfunctions. *Id.* at \*1. Defendant moved to compel the surveyor's testimony, arguing that the surveyor was a fact witness rather than an expert. *Id.* The court denied the motion, holding that the surveyor was an expert because he "was specifically engaged by Chiquita to examine the vessel in connection with the cargo loss claim."

3

*Id.* The court explained that the surveyor "does not forfeit this status merely because he made a personal examination of the vessel and therefore learned 'facts,' rather than simply offering an opinion based on the observations of others." *Id.*

The same is true here. Dewan is an expert hired by Petitioner to inspect the alleged damage to the cable and leakage of dielectric fluid. Should Petitioner decide to use Dewan as a testifying expert, Respondents will have the opportunity to depose him upon completion of his expert report. *See* Fed. R. Civ. P. 26(b)(4)(A). If Petitioner does not designate Dewan as a testifying expert, his testimony and documents are discoverable only upon a showing of "exceptional circumstances," which Respondents have not made at this time. *See* Fed. R. Civ. P. 26(b)(4)(D)(ii).

## CONCLUSION

The Court GRANTS the motion to quash the Subpoena and DENIES the motion to compel compliance.

Dated: New York, New York
November 4, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge